## Brennan v. Miller

*Robert Lesko*, for plaintiff.

*Paul A. McGinley*, for defendant Snyder.

*Butz, Hudders, Tallman, Huston & Wieand*, for defendant Miller.

HENNINGER, P. J., November 14, 1961.—Plaintiff's complaint relates the following unusual circumstances:

Plaintiff was furnished intoxicants by defendant, Snyder, which caused him to drive his car into Snyder's window, causing plaintiff cuts and bruises, for the treatment of which police took him to a local hospital; after treatment, he was taken to City Hall and in the loading of plaintiff into the police patrol and during the trip to City Hall, plaintiff cut his mouth and caught his finger in the patrol car door, whereupon he was again removed to the hospital and there treated by defendant, Miller, who failed to give him antitetanus treatment; that he contracted tetanus to his great damage and injury.

Both defendants have filed answers, Snyder denying the furnishing of liquor and Miller denying that those treating plaintiff were his agents, servants and employes.

Snyder has now petitioned to sever the actions. Plaintiff has filed an answer to the petition to sever but has not filed a brief nor argued against the severance. Miller opposes the severance, contending that Snyder, if he caused plaintiff's intoxication, is responsible for everything that happened to plaintiff, including the alleged malpractice. The theory is that had there been no intoxication, there would have been no injury; had there been no injury, plaintiff would not have been taken to the hospital; had he not been taken to the hospital, he would not have been reloaded into the patrol car; had he not been loaded into the patrol car, he would not have suffered the second injury; had he not suffered the second injury, he would not have gone back to the hospital; had he not gone back to the hospital, defendant, Miller, would not have had the opportunity to neglect treatment for tetanus; ergo, Snyder is responsible for the consequences of Miller's malpractice.

We note that there is no contention that failure to treat properly the injury sustained in the driving of the automobile into Snyder's establishment was the cause of plaintiff's damage for which he is suing.

We find two independent and intervening causes between Snyder's furnishing of liquor and plaintiff's *serious*, as he avers, injury. The one is the injury inflicted by the city police when they put plaintiff into the patrol car after he had been first treated at the hospital; the other, Miller's alleged malpractice. Snyder has not the slightest connection with either of these.

Reading the pleadings, we can see no one cause of action for which Miller and Snyder are jointly liable. We consider, therefore, that a severance is imperative, if for no other purpose than to avoid a joint verdict, where one defendant may bear responsibility only to a

certain point and another responsibility beyond that point.

That we have a right to sever is clear under Pa. R. C. P. 213(b), which reads as follows:

"The court, in furtherance of convenience or to avoid prejudice, may, on its own motion or on motion of any party, order a separate trial of any cause of action, claim, or counterclaim, set-off, or cross-suit, or of any separate issue, or of any number of causes of action, claims, counter claims, set-offs, cross-suits, or issues."

Defendant Miller confronts us with our own words in Passigli v. Lipson, 6 D. & C. 2d 329, in which (page 330) we called severance an "unprecedented procedure." What was unprecedented in that case was a severance of issues between the same parties and not, as here, a severance of causes of action.

When these cases are tried, presumably at our January term, there is still a possibility of the consolidation of the severed causes for purposes of trial. This happens every day with driver and guest cases which are consolidated for trial, although a severance has been granted.

Now, November 14, 1961, the motion of William Snyder to sever the cause of action against him by Daniel J. Brennan from that of Daniel J. Brennan against Charles A. Miller, Jr., is granted, the cases to proceed upon the present pleadings.